IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

*FILED IN OFFICE JUN 11 2010 DEPUTY CLERK SUPERIOR COURT FULTON COUNTY, GA*

| | |
|---|---|
| JOHN A. MULLEN, | |
| Plaintiff, | Civil Action |
| v. | File Number: 2010-CV-186051 |
| E.G.P. & ASSOCIATES, INC., | |
| Defendant. | |

## AMENDED AND RESTATED COMPLAINT FOR BREACH OF THE FAIR LABOR STANDARDS ACT

NOW COMES Plaintiff JOHN A. MULLEN (hereinafter referred to as "Mullen"), and makes and files this Amended and Restated Complaint against Defendant E.G.P. & ASSOCIATES, INC. (hereinafter referred to as "Defendant") and states as follows:

1.

Mullen is an individual residing in the state of Georgia.

2.

Defendant is a Georgia corporation with its primary place of business at 3625 Brookside Parkway, Suite 395, Alpharetta, GA 30022. Defendant may be served with process through its registered agent for service, Georgena P. Lewis, at the foregoing address.

3.

Jurisdiction and venue are appropriate before this Court.

4.

From September 2005 through and including March 2010, Defendant employed Mullen full-time as construction consultant (the "Employment Period").

5.

As a construction consultant, Mullen had no authority over other employees, full time or otherwise, he had no ability to affect employee's employment status, and he had no management authority in Defendant's business, nor did he provide services related to the Defendant's management or its general business operations.

6.

During the Employment Period, Mullen accumulated the following overtime hours (the "Overtime Hours"):

| Year | Overtime Hours | Overtime Pay Earned |
| --- | --- | --- |
| 2005 | 381.5 | $13,756.89 |
| 2006 | 490.82 | $17,701.67 |
| 2007 | 285.76 | $12,048.95 |
| 2008 | 1,763.60 | $89,957.48 |
| 2009 | 1,616.9 | $99,115.97 |
| 2010 | 96.9 | $5,939.97 |

A true and accurate copy of the weekly time sheets reflecting these overtime hours is attached hereto as **Exhibit A**.

7.

At all times relevant to the Employment Period, Defendant represented to Mullen that he was an exempt employee under the Fair Labor Standards Act, and thus Defendant was not required to pay him any overtime hours worked.

8.

Mullen reasonably relied on the Defendant's representations that he was exempt from being paid overtime by the Fair Labor Standards Act.

9.

Defendant failed to pay Mullen for the Overtime Hours he accrued from September 2005 through and including March 2010.

10.

Although Mullen worked this additional overtime in connection with his employment with Defendant, Defendant has failed and refused to compensate Mullen for his overtime hours worked.

### COUNT I – Fair Labor Standards Act

11.

Mullen hereby restates the allegations and aversions set forth in paragraphs 1 through 10 and incorporates the same herein as if they were set forth fully.

12.

From September 2005 through and including March 2010, Defendant employed Mullen full-time as a construction consultant (the "Employment Period").

13.

During the Employment Period, Mullen accumulated a total of 4,635.48 overtime hours (the "Overtime Hours").

14.

At all times relevant to the Employment Period, Defendant represented to Mullen that he was an exempt employee under the Fair Labor Standards Act, and thus Defendant was not required to pay him any overtime hours worked.

15.

Defendant's representations to Mullen regarding his exempt status under the Fair Labor Standards Act were calculated to deliberately mislead Mullen (the "Deliberately Misleading Statements"), and Mullen reasonably relied on Defendant's false and misleading statements.

16.

Defendant is currently indebted to Mullen for Overtime Hours in the amount of Two Hundred Thirty-Eight Thousand Five Hundred Twenty Dollars and Ninety-Three Cents ($238,520.93).

17.

As a result of Defendant's Deliberately Misleading Statements, Defendant is further indebted to Mullen for liquidated damages in an amount not less than Two Hundred Thirty-Eight Thousand Five Hundred Twenty Dollars and Ninety-Three Cents ($238,520.93).

18.

Mullen is additionally entitled to collect attorney's fees from Defendant pursuant to the Fair Labor Standards Act, 29 C.F.R. §1620.33(a).

WHEREFORE, plaintiff John Mullen prays for Judgment in its favor against Defendant E.G.P & Associates, Inc. as follows:

1. Overtime pay in the amount not less than $238,520.93;

2. Liquidated damages in the amount not less than $238,520.93 for Defendant's Deliberately Misleading Statements to Mullen;

3. Attorney's fees pursuant to the Fair Labor Standards Act, 29 C.F.R. §1620.33(a);

4. Costs incurred in this action; and

5. Such further relief as the Court should deem just and appropriate.

This 9th day of June, 2010.

BRISKIN, CROSS & SANFORD, LLC

By: _____
Byron M.G. Sanford
Georgia State Bar No. 005055
Attorneys for Plaintiff

1001 Cambridge Square
Suite D
Alpharetta, Georgia 30009
(770) 410-1555

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing **Amended and Restated Complaint for Breach of the Fair Labor Standards Act** upon Defendant by delivering a copy of said pleading in the United States Mail with sufficient postage thereon addressed as follows:

E.G.P. & ASSOCIATES, INC.
c/o Georgena P. Lewis, Registered Agent
3625 Brookside Parkway, Suite 395
Alpharetta, GA 30022

This 9th day of June, 2010

                              BRISKIN, CROSS & SANFORD, LLC

                              By: _____
                              Byron M.G. Sanford
                              Georgia State Bar No. 005055
                              Attorneys for Plaintiff

1001 Cambridge Square
Suite D
Alpharetta, Georgia 30009
(770) 410-1555